By the Court.—Robertson, J.
Two causes of action are set out in the complaint in this case.
First. A failure by the defendants to make demand on the maker, and give notice of non-payment to the endorsers of two promissory notes for four hundred dollars each, payable to the order of G. Ayrault, and deposited with them for collection. This was alleged as a breach of contract, or non-performance of a duty to do so.
Second. An untrue representation by the defendants after the maturity of such notes, to the plaintiffs’ firm, the owners of them, that the former had properly caused demand of payment to be made of the owners, and notice of non-payment to be given to the endorsers thereof, relying on which, the plaintiff brought suit against the latter, and were defeated, and compelled to pay costs.
The complaint claims as damages the amount due on such notes, with? interest, and the costs incurred in such action against the endorsers. The plaintiff’s partner (G. Ayrault), released his interest in such claims to the plaintiff.
The complaint in this case alleges that the plaintiff and his partner recovered judgment against the maker of such notes, on which execution -was issued and returned unsatisfied, and that he was, at the time they became due, has ever since been, and now is insolvent. That the endorsers were perfectly responsible, and still are, and by the failure of the defendants properly • to charge them,' the holdeis lost two certain sums of money, equal to the whole amount due on such notes; and that the makers had paid on them after they became due, about one hundred and fifty-six dollars. The answer controverted all the facts stated in the complaint, except a deposit of the notes.
Ho evidence was offered to sustain the second cause of action, to wit, that the plaintiff and his partners were induced to commence an action against the endorsers by any representations of" the defendants. The defendants’ counsel requested the court to instruct the jury that they could only find for the plaintiff for the amount.of the notes and interest. The court, however, refused so to instruct them, and directed the jury to add the costs of the former action to such amount; to which the defendants • excepted.
The costs of such former action are not a necessary consequence of the defendant’s neglect, if any existed. On the con *384 trary, if the endorsers were liable, the defendants were not and vice versa. If the defendants had guarantied the notes to be collectible, or in any other way actively induced the plaintiffs to bring the action, they would have been liable for the costs ; as it is, the charge was erroneous, and the judgment must therefore be reversed.
In ordinary cases the court may permit a party to .stipulate to reduce his damages in order to save his judgment. In this case the error was committed in regard to a separate cause of action, and the introduction of the record of failure in such former action against the makers, which was only admissible to sustain the claim for costs, and was not evidence against the defendants for any other purpose, may have seriously prejudiced the jury in rendering their verdict. For these reasons we think a new trial should be had absolutely, if the defendants pay the expense of the former trial; the possibility, or probability of a mistake by the jury, being the strong reason for not permit ting the plaintiff to stipulate.
Upon such new trial, any too great positiveness in directing the jury to find a verdict, for the amount of the notes in case' they find against the defendants on the question of negligence may be avoided, as the question of the plaintiff’s loss seems to involve the question of the responsibility of the maker, as well as that of the endorsers (Allen v. Suydam, 20 Wend., 321; Hoard v. Garner, 10 N. Y. [6 Seld.], 261; S. C., 3 Sandf., 179).
The judgment, therefore, must be that if the defendants stipulate in five days to pay the costs of the former trial, and in five -days thereafter pay them, the judgment be reversed, and a new trial had, with costs to abide the event. But if they do not stipulate, then that said judgment be affirmed, in case the plaintiff stipulates within ten days to deduct the costs of the former action from the verdict, ór credit them on the judgment. But if neither the defendants nor plaintiff so stipulate, that the judgment be reversed, and a new trial had, with costs to abide the event. The judgment to be settled on two days’ notice.